### INJURY THE RESULT OF OWN NEGLIGENCE.

Circuit Court of Cuyahoga County.

WILLIAM DOWNING v. THE CLEVELAND ELECTRIC
RAILWAY COMPANY.*

Decided, January 14, 1901.

*Negligence—One Driving in Dangerous Place on Highway from Choice, Guilty of Negligence.*

Where approaching a sharp curve in the highway, one from choice and not from necessity, drives so close to a street car track that his wagon is struck by a car coming round the curve before he can turn out, his injury is the result of his own negligence.

*Winch & Thompson* and *J. H. Smart*, for plaintiff in error. *Kline, Carr, Tolles & Goff*, contra.

CALDWELL, J.; MARVIN, J., and HALE, J., concur.

*Affirmed without opinion, *Downing* v. *Railway Co.*, 68 Ohio State, 648.

The plaintiff was injured in a collision between his wagon and a car belonging to the defendant company, upon the highway in the village of Euclid in Cuyahoga county.

He came into market the evening before the injury, and was driving out in the daytime. He himself was lying down in the wagon or reclining upon some boxes, and his daughter, a girl about fifteen years old, was driving the team. As they approached Euclid and were part way down the hill going north, they met a car, and the wagon and team and he himself were injured.

The highway at the point where he was injured is on a down grade going north and in it there is a curve curving to the west and on the concave part of this curve, just off the highway, are bushes growing. On the highway next to the bushes, on the south side, is the street railway track; next to that is a dirt track for teams, and still north or west of the dirt track is a plank road. Teams can drive either upon the plank or upon the dirt road.

It appears that the plank was somewhat out or repair at the time of this injury, but not so much that it could not be used in the ordinary modes of travel. The plaintiff was driving upon the dirt track of the highway, next to the railway track, and while going down the hill, a car approached from the village of Euclid and the wagon was so near the track that it was hit by the car and the injury complained of followed.

The allegations of negligence are: in not trimming up the trees and shrubs along the south side of said road, and allowing them to remain in that condition so that the approach of defendant's cars could not be observed; in failing to warn by sound of gong or other signal when approaching said curve; in running the motor and approaching the said curve at a high and dangerous rate of speed, well knowing the dangerous condition of the road at that point, and well knowing the difficulty of checking the speed or stopping the motor when going at such a high rate of speed; in not keeping a proper outlook for travelers, and in not reversing the motor, or even applying the brake until it was too late.

The defendant answered to these allegations, denying each one and any negligence on the part of the defendant in error, and averring that if the plaintiff received injuries, it was due to his own contributory negligence.

The case went to trial, and the court directed a verdict for the defendant, the railway company. The only grounds of error that plaintiff relies upon in this court are: that the court erred in directing a verdict for the defendant in error, which verdict was against the weight of evidence; and, second, the court erred in overruling the motion of the plaintiff in error for a new trial; and that the verdict was contrary to the law and the weight of the evidence.

The plaintiff in error contends that he had produced evidence tending to show that the defendant in error was guilty of one or all of the allegations of negligence in the petition. That this was a place where a car might suddenly appear upon a person traveling upon the highway without ability to see it before its approach, on account of the bushes that grew in the line of vision and that for that reason the railroad company should, upon approaching such a dangerous place, give some signal, and not rely upon persons traveling upon the highway seeing the car. And he claims, further, that he was traveling upon the dirt portion of the highway where he had a right to travel; and having a right to travel upon that portion of the highway, he was guilty of no negligence; and that having shown that the defendant in error was guilty of negligence that, instead of a verdict being directed by the court against him, it should have been submitted to the jury, and that upon the evidence as produced he was entitled to a verdict by the jury; and that by reason of this misdirection of the court, he was prejudiced and is entitled to have the judgment reversed and a new trial granted.

But as the evidence stood, it clearly shows that the plaintiff in error *knew* that he was liable at any moment to meet a car upon the track. He knew the dangerous character of the place and with this knowledge he drove his team, or permitted his daughter to drive his team, so near to the railroad track, that, when the car did approach and did come suddenly upon them,

she was unable to get the team away from the track, if she had made any attempt to do so, in time to prevent the wagon being hit by the car.

It is true that plaintiff had a right to drive upon any part of the highway. He had the right to drive upon the railroad if he saw fit to do so; it is a part of the highway—and there is no law forbidding him to use any part of the highway. But a clear right may be exercised under such circumstances that the party will be guilty of his own injury when that occurs through a wrongful exercise of his rights and privileges.

While it was his right to drive upon the railroad track, yet he would be guilty of negligence if he drove upon the track at a point where he could not see a car approaching him at any distance ahead. And it was his right to drive upon the dirt part of the highway, but, knowing the dangerous character of the place and how suddenly he might be run down by a car, and knowing that he would be unable to see the car approach, it was his duty to drive so far from the track that, if the car did suddenly approach, his wagon would not be hit.

There is no reason assigned why he might not have done this as well as to drive as close to the track as he did. The only reason that might be assigned was, that the dirt road was a better road to travel upon than the plank, but the evidence shows that the dirt road was wide enough so that he could have traveled entirely upon that and yet have been out of reach of the car.

As the evidence stood at the time the judge directed the verdict, there was no contradiction in it whatever as to where the wagon was, how close to the track; as to the manner in which it was being driven; as to the fact that the plaintiff in error knew all the surroundings quite as well as did the railroad company; and yet he permitted his wagon to be driven so close to the track that it would be hit by a car if it approached at that point, and, in so doing, he was clearly guilty of contributory negligence, and, as the evidence stood, that became purely a question of law for the court, there being no contradiction in the evidence whatever. The facts leading up to the conclusion of contributory

negligence being all established without contradiction and without any controversy, the court had a right to conclude that there was contributory negligence on the part of the plaintiff in error, and did right to direct the verdict as it did.   We find no error in this case, and the judgment of the court of common pleas is affirmed.